# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOSEPH DOMINGUEZ,<br><br>　　　Defendant. | Case No. 2:11-cr-00119-LDG<br><br>**ORDER** |

　　　The defendant, Joseph Dominguez, asks the Court to amend the judgment (#51) such that his federal sentence of 41 months will run concurrent to a sentence subsequently imposed by the State of Nevada. The Court will deny the motion.

　　　Dominguez was sentenced by this court on June 7, 2012, and the judgment was entered June 11, 2012. At that time, the parties to this case believed Dominguez was in federal custody, and the office of Probation reported to the Court that he was in federal custody.

　　　On July 12, 2012, Dominguez was sentenced on an unrelated matter in state court to a term of 12-36 months. The state court ordered the state sentence to be served concurrent to his federal sentence. The parties to that action also believed Dominguez was already in federal custody.

Shortly after his initial state sentencing, it was determined that Dominguez had been in state custody. The original state sentence was vacated and Dominguez received a new sentence awarding him 130 days' credit for time served. That sentence was subsequently amended to award Dominguez with 581 days' credit for time served on his state sentence.

Dominguez was paroled from his state sentence and transferred to federal custody to begin serving his federal sentence on December 26, 2012.

Dominguez seeks to have this Court "give life to the state court's sentencing intentions" by having his sentence amended to run concurrent to his state sentence. In effect, he seeks an amendment in which he would still be sentenced to 41 months, but that term would commence on June 11, 2012, rather than on December 26, 2012.

Having reviewed the record, including the sentencing hearing, the Court will deny the motion as it appears to the Court that sentence imposed upon Dominguez is the sentence the Court would have imposed had it been correctly informed of his custodial status. The advisory guideline range calculated by the Court was 57 - 71 months. Probation recommended a term of incarceration of 64 months. The government moved for a two-level downward departure for substantial assistance provided by Dominguez in an unrelated federal prosecution. The court granted the motion. The two-level departure lowered the advisory guideline range to 46 - 57 months. Dominguez does not challenge that calculation, and did not object to the calculation at his sentencing.

During the sentencing, counsel for Dominguez requested that the Court grant five months' credit for time served. Counsel asserted that a writ was issued against Dominguez in April 2011, but that he was not transferred to federal custody until September 2011. Counsel argued that this period of time between April and September would not be credited to his state sentence. Relying on counsel's representation, the Court imposed a sentence of 41 months' federal custody, rather than 46 months, thus awarding Dominguez with five months' credit for time served that would not be credited to the state sentence.

As the state court corrected its sentence to fully award Dominguez credit for time served, Dominguez has received state credit for the time served from April through September 2011.  That correction by the state court, however, eliminated the reason for which this Court awarded five months' credit for time served.  If the Court were to amend its judgment to impose a concurrent sentence to reflect Dominguez' actual custodial status, then the Court would also need to amend the length of the sentence to also reflect Dominguez' actual custodial status.  Thus, the Court concludes that a concurrent sentence would have been appropriate only if the Court had originally sentenced Dominguez to 46 months.

As Dominguez was paroled and transferred to federal custody on December 26, 2012, to begin his sentence of 41 months, he has already obtained, in substantial part, the sentence this Court would have imposed if correctly informed of Dominguez' custodial status.  Rather than imposing a sentence of 46 months that would run concurrent to the subsequently imposed state sentence, the Court imposed a sentence of 41 months that commenced when Dominguez was paroled six and one-half months after his federal sentencing.  Though the Court reduced the length of the sentence to account for time served that the Court (incorrectly) believed would not be credited toward his state sentence, hindsight reveals both that the time was credited toward his state sentence, and that the 5-month reduction resulted in a sentence that roughly approximates a 46-month sentence served concurrent to the state sentence.

The Court is aware that the time between the federal sentencing and the commencement of his federal custody--about six and one-half months–is greater than the five-month reduction resulting in the original sentence of 41 months.  However, the Court will not amend the judgment to adjust for this small disparity for several reasons.  First, some question exists whether Dominguez waived his right to bring this motion.  Second, and more fundamentally, Dominguez' request for a concurrent sentence requires the Court

to give greater consideration to the state sentence imposed following the federal sentence. As that sentence was not yet imposed at the time of the federal sentencing, it was not included in the calculation of Dominguez' criminal history. While the Court can order a sentence to run concurrent to a state sentence not yet imposed, consideration of such a concurrent sentence suggests to the Court that additional weight should be given to the state sentence with which the federal sentence would run concurrently, but which sentence was not included in calculating the criminal history. As suggested by the government's response, such a balancing indicates a sentence longer than 46 months might have been appropriate in this matter.

In sum, Dominguez requests that this Court amend his sentence with the benefit of hindsight and an accurate knowledge regarding his custodial status. That hindsight and knowledge suggest to the Court the appropriate length of a concurrent sentence, if such had been requested at the time of the original sentencing, would have exceeded 48 months.

Accordingly, the Court finds that the sentence actually imposed, 41 months, which sentence commenced upon Dominguez's transfer to federal custody, gives life both to the state sentence and to the sentence this Court intended Dominguez to serve. Therefore,

THE COURT **ORDERS** that Defendant's First 2255 Motion to Vacate Federal Sentence (Alteration in Language of the Judgment Requested) (#51) is DENIED.

DATED this ____ day of November, 2013.

Lloyd D. George
United States District Judge

4